IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| WILLIAM WAGNER, | |
|---|---|
| Plaintiff, | |
| vs. | Case No.: 3:12-CV-130 |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for New Trial (Doc. No. 50) and Defendant's Response in Opposition (Doc. No. 51). For the reasons set forth below, that Motion is **DENIED**.

### I. BACKGROUND

Plaintiff William Wagner brought this action on February 27, 2012 alleging a single count of negligence against the United States and damages for injuries purportedly sustained in a job-related accident that occurred on July 21, 2009. The relevant events in this case took place at a mail-handling facility operated by the U.S. Postal Service in Charlotte, North Carolina called the Logistics and Distribution Center ("L&DC"). There, Plaintiff alleges that he was injured while attempting to open an unsafe dock door and that Defendant was negligent in failing to keep its facility safe and in failing to warn him of an unsafe condition. The Court conducted a bench trial in this case on March 24 and 25, 2014 and subsequently found in favor of Defendant (Doc. No. 47). In so finding, the Court concluded that Plaintiff had failed to establish by a preponderance of the evidence that an unsafe condition existed, namely that the dock door was

1

dangerous or that it posed an unreasonable risk of harm. Plaintiff filed the instant Motion on April 30, 2014 and it is now ripe for disposition.

## II. DISCUSSION

Plaintiff seeks a new trial based on purported errors of law committed at trial, namely "(1) [an] error of law related to the admissibility of the defendant's post-accident videotape, (2) [an] error of law related to the Court's denial of admissibility of repair records made by the Arbon Company, and (3) [a] due process violation by not playing the videotape depositions of Allistair Williams, M.D., Eric Bossert, and George Johnson in open court." (Pl. Mot. at 1). Plaintiff notes without elaboration that the motion is brought "pursuant to Federal Rule 59 and 60." (*Id.*)

Federal Rule of Civil Procedure 59 notes that a court may grant a new trial after a nonjury trial "for any reason which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). The Rule as stated is broad, but "the general grounds for a new trial is that the verdict is against the weight of the evidence, the damages are excessive, or that for other reasons the trial was not fair . . . the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence." 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2805 (2012). Rule 60 allows a court to grant relief from a final judgment for several enumerated reasons, among them "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). The Court finds that none of these grounds are present here.

2

### A. Post-Accident Videotape

Plaintiff's first basis for requesting a new trial is that the Court erred in allowing Defendant to show a videotape that showed the interior of the L&DC on a typical business day (not the day that Wagner was injured), as well as a brief demonstration of a woman opening Dock Door 46 (the allegedly defective dock door). Plaintiff notes that "videotaped evidence purporting to recreate events at issue must be substantially similar to the actual events to be admissible," *Hinkle v. City of Clarksburg*, 81 F.3d 416, 425 (4th Cir. 1996), and complains that "[t]he woman does not open the door in the same way that Mr. Wagner states he opened it," (Pl. Mot. at 7). Plaintiff continues: "The admission of this videotape was highly prejudicial and no doubt left a lasting impression on the Court as to how the door was opened on the day that Mr. Wagner was injured." (*Id.*)

The manner in which Wagner opened or should have opened Dock Door 46 was heavily contested at trial. Wagner asserted that he bent to the floor to open the dock door, while Defendant argued that this was not the proper operation of the dock door, evidenced by the fact that there was no handle at the bottom of the door. The parties elicited testimony from witnesses and submitted documents contesting this issue. Thus, the Court was well aware of Wagner's contention that he opened the dock door differently than how the door was opened in the video. Rather than recreating Wagner's accident, the video showed a woman opening the door using a handle waist-high and on the right side of the door—the manner that Defendant asserted was its proper operation. The video, then, did not "[leave] a lasting impression on the Court as to how the door was opened on the day that Mr. Wagner was injured." If anything, the video simply illustrated the general work environment in and around the L&DC and depicted what Defendant asserted was the usual manner in which the door was operated.

3

More importantly, the precise manner in which Wagner opened the dock door was relevant only for considerations of contributory negligence. Because the Court found that Defendant was not negligent (*see* Doc. No. 47), it never broached the issue of whether Wagner was contributorily negligent in his operation of Door 46. The remainder of Plaintiff's arguments on this topic are belated attempts to introduce evidence that was not introduced at trial,[1] as well as assertions that the Postal Service engaged in near-conspiratorial fraud by concealing what Plaintiff is certain was a handle at the bottom of Door 46.[2] The Court finds that these contentions are totally meritless and not grounds for a new trial under either Rule 59 or 60.

**B. Repair Records**

Plaintiff's second basis for requesting a new trial is that the Court excluded evidence about repair records under Federal Rule of Evidence 407 as subsequent remedial measures, and that such exclusion was in error. At trial, Plaintiff attempted to move into evidence records detailing repairs made to Door 46 by an outside contractor after Wagner's accident. The Court excluded this evidence under Rule 407, and still now the Court struggles to imagine a better example of subsequent remedial measures. Plaintiff contends, however, that he was offering the repair records for impeachment purposes, which a Court may admit pursuant to Rule 407. Indeed, Plaintiff argued at trial that he sought to counter the testimony of USPS employees who testified that Door 46 was not difficult to open on the day the accident occurred. The Court rejected this argument, noting the significant amount of time that had passed between Wagner's

---

[1] Plaintiff does not even attempt to invoke the standard for newly discovered evidence in FRCP 60.
[2] In support, Plaintiff directs the Court to photos taken years after the incident that appear to show a black gap seal at the bottom of the dock door. Plaintiff asserts that this routine piece of equipment is evidence that USPS concealed a handle at the bottom of the door; thus Defendant knew that there was a handle at the bottom of the door; thus the video was "a blatant and fraudulent act designed to deliberately mislead the Court." (Pl. Mot. at 8). By way of response to this fantastical sequence of events, the Court will simply note that its determination about the location of the handle on the dock door was drawn from a photograph time-stamped *the date of the incident*. (*See* Doc. No. 47 at 8). The Court was and remains satisfied that there was no handle at the bottom of the door, and any assertion that a fraud was committed upon the Court is baseless.

accident and the documented repair work. The accident occurred on July 21, 2009, whereas the repair work took place on September 8, 2009, rendering the records too remote to be reliable for this purpose. Nothing offered in the instant motion gives the Court occasion to revisit that evidentiary ruling.

Plaintiff's further contention that other witnesses could have been called in the absence of the Court's ruling is dubious. The Court made this determination just before closing arguments when no more witnesses were to be called. Moreover, Plaintiff was free to call any witness he chose, and nothing about the Court's ruling foreclosed him from so doing. Accordingly, the Court finds that Plaintiff's request for a new trial on this basis is without merit.

### C. Presentation of Depositions

Plaintiff's third and final basis for requesting a new trial is that he was denied "due process" by the Court's reviewing the designated depositions of three of Plaintiff's witnesses in chambers rather than playing the videos of the depositions in open court. But Plaintiff cites no law supporting his contention that this constitutes a due process violation or a violation of the Rules of Civil Procedure, especially given that this was a bench trial rather than a jury trial. FRCP 32(c) governs the form of presentation of using depositions in court proceedings. That rule requires parties to provide a transcript of any deposition testimony offered by that party, and notes further that a party "may provide the court with the testimony in non-transcript form as well." FED. R. CIV. P. 32(c). No part of this Rule was breached by the Court during Plaintiff's trial. Moreover, the Court has no independent recollection of Plaintiff ever asking to play his videotaped depositions in open court, nor of any objection made regarding the Court's treatment of his depositions. It is only now, after Plaintiff has failed to obtain his desired result, that he attempts to assign fault for the handling of these depositions.

In what appears to be his chief concern driving this argument, Plaintiff contends that "[n]o litigant, plaintiff or defendant, should ever be left with the uncomfortable feeling that because all of the evidence of the opposing party was presented in open [c]ourt but his evidence was not, his evidence was given less weight." (Pl. Mot. at 16). But this was not the case. The Court reviewed Plaintiff's designated depositions at length and gave them careful consideration, as evidenced by the fact that much of the Court's order is spent discussing this testimony. (*See* Doc. No. 47 at 7–9). The Court considered this testimony alongside the testimony of the other witnesses who testified, as well as all the other evidence submitted at trial, and found that Plaintiff did not carry his burden of proof.[3] Accordingly, the Court finds that these contentions are without merit and are not grounds for a new trial under either Rule 59 or 60.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for New Trial (Doc. No. 50) is **DENIED**.

**SO ORDERED.**

Signed: August 21, 2014

Graham C. Mullen
United States District Judge

---

[3] At page 12, Plaintiff contends that "[c]ivil law does not required [sic] absolute or beyond a reasonable doubt proof which, in essence, is what the Court has required under its definition of preponderance of the evidence." In an abundance of caution, the Court has carefully reviewed its order of April 2. It is pleased to report that it did not mistakenly apply the burden of proof for a criminal case to Plaintiff's civil tort action. (*See* Doc. No. 47 at 4–9 (discussing preponderance standard, how it works, whether Plaintiff met it)). Plaintiff may rest assured that after twenty-four years on the bench, the undersigned is intimately familiar with the difference between civil and criminal burdens of proof.